UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**Ana Maria Clarkin**,

    Plaintiff,

vs.

**Justin Graham** and                                  **Trial By Jury Requested**
**West End Community Center, Inc.**,

    Defendants.

## COMPLAINT

### Introduction

1. The Plaintiff alleges the Defendants did not pay her for 37 hours of work she did as their employee despite her repeated pre-suit requests for the money she earned.  When she pressed the issue, the Defendants fired her in what she believes to be retribution for her having asserted her right to be paid.  The Plaintiff seeks her job back, the money she is owed, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938 (codified at 29 USC §201, *et. seq.*). She also asserts a state law breach of contract claim based on her unpaid wages and wrongful termination.

### Parties/Jurisdiction/Venue

2. The Plaintiff Ana Maria Clarkin (Clarkin) is a resident of the City of Providence, County of Providence, State of Rhode Island.

3. The Defendant West End Community Center, Inc. (WECC) is a non-profit corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 109 Bucklin Street, Providence, Rhode Island.

4. The Defendant Justin Graham (Graham) is an individual who exercised supervisory authority over the hours and pay of the Plaintiff at the WECC.

5. This Court has jurisdiction over the federal law claims in this action pursuant to the federal Fair Labor Standards Act of 1938 (the "Act" or "FLSA"), specifically 29 USC §216(b), and by the provisions of 28 USC §1337 relating to civil actions arising under acts of Congress regulating commerce.

6. This Court has supplemental jurisdiction to hear the state law claim pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this Court because the Plaintiff is, and at all times relevant to this litigation was, a resident of Rhode Island, and because the conduct complained of took place in Rhode Island, and because the individual defendant is a resident of Rhode Island, and because the corporate defendant is a "resident" of Rhode Island as that term is defined in 28 USC §1391(b) and (c).

**Facts Common to All Counts**

8. From at least June 2017 through the present, the WECC has operated a preschool.

9. Graham is, and was since at least June 2017, the Executive Director of the WECC.

10. In July 2017, Clarkin sought employment from the WECC.

11. On or about July 19, 2017, Graham, on behalf of the WECC, agreed to employ Clarkin at the WECC preschool. Her pay was to be $20 per hour for at least 35 hours per week.

12. Clarkin began working for the Defendants as the Early Childhood Education Coordinator, at the agreed upon rate, and worked 4 hours on Friday, July 21, 2017.

13. The Defendants have not paid Clarkin for the 4 hours she worked on July 21, 2017.

14. Clarkin worked 31 hours the following week, July 24, 2017 – July 28, 2017.

15. The Defendants have not paid Clarkin for the 31 hours she worked between July 24th and July 28th.

16. Graham then told Clarkin not to report to work temporarily while the WECC waited for her background clearance.

17. At Graham's direction, Clarkin resumed working at the WECC on August 14, 2017.

18. Prior to September 1, 2017, Clarkin repeatedly spoke with Graham requesting the WECC pay her for the hours she worked between at least July 24th and July 28th.

19. In their conversations regarding her unpaid wages, Graham continually led Clarkin to believe he or the WECC would be paying her shortly.

20. On September 1, 2017, still not having been paid for her work between July 21st and July 28th, Clarkin spoke with at least one member of the WECC's Board of Directors regarding her unpaid wages. The conversation led to a meeting that day involving Clarkin, Graham and several members of the WECC's Board of Directors.

21. Prior to the meeting, no one had raised any concerns about Clarkin's job performance.

22. Prior to the meeting, Graham had conveyed to Clarkin that she was doing a good job.

23. No one at the meeting raised any concerns about Clarkin's job performance.

24. As a result of the meeting, Clarkin expressed reservations about continuing to work at the WECC.

25. Graham, and at least one member of the Board of Directors who had attended the meeting, were aware of her reservations and urged her to stay at the WECC.

26. Clarkin agreed to stay at the WECC and she reported for work on Tuesday, September 5th.

27. After she had worked for two hours on September 5th, Graham terminated Clarkin's employment at the WECC.

28. The Defendants have not paid Clarkin for the 2 hours she worked on September 5th.

29. Graham stated the reason he was terminating Clarkin was because he had "come to the conclusion that this position will not be the best fit for you or the company."

30. Clarkin did nothing in the two hours she worked on September 5th that would have caused Graham, or the Board of Directors, to change their pre-meeting satisfaction with her job performance.

31. On information and belief, the true reason Clarkin was terminated was because she insisted on being paid for the hours she worked in July.

## Application of the FLSA

32. At all times relevant to this litigation, the WECC, was an enterprise "engaged in commerce" within the meaning of the FLSA, specifically 29 USC §203(s)(1)(B).

33. WECC was an "employer" of Clarkin as that term is defined in the FLSA, specifically 29 USC §203(a) and (d).

34. Graham was an "employer" of Clarkin as that term is defined in the FLSA, specifically 29 USC §203(a) and (d).

35. Clarkin was an "employee" of the WECC as that term is defined in the FLSA, specifically 29 USC §203(e)(1).

36. Clarkin was an "employee" of the Graham as that term is defined in the FLSA, specifically 29USC §203(e)(1).

## Count 1 – Federal FLSA Claim for Unpaid Wages

37. Clarkin reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

38. Contrary to the requirements of the FLSA, specifically 29 USC §206(a)(1), the Defendants failed to pay Clarkin for 37 of the hours they employed her at at least minimum wage.

39. The Defendants' failure was willful and deliberate.

40. Clarkin suffered damages as a result of the Defendants' failure.

**Wherefore**, on this Count, and pursuant to the FLSA, specifically 29 USC §216(b), Clarkin requests:

    a. a trial by jury;

    b. a judgment against the Defendants, jointly and severally, sufficient to compensate her for her unpaid wages;

    c. a judgment against the Defendants, jointly and severally, for liquidated damages equal to her unpaid wages;

    d. reasonably attorney fees and costs; and

    e. such other relief as may be just and appropriate.

### Count 2 – Federal FLSA Claim for Retaliation

41. Clarkin reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

42. Contrary to the dictates of the FLSA, specifically 29 USC §215(a)(3), the Defendants discharged Clarkin because she had asserted her rights under the FLSA.

43. The Defendants' discharged her willfully and deliberately.

44. Clarkin suffered damages as a result of the Defendants' discharging her including lost wages, embarrassment and mental suffering.

**Wherefore**, on this Count, and pursuant to the FLSA, specifically 29 USC §216(b), Clarkin requests:

    a. a trial by jury;

    b. a judgment against the Defendants, jointly and severally, sufficient to compensate her for her unpaid wages;

    c. a judgment against the Defendants, jointly and severally, for liquidated damages equal to her unpaid wages;

    d. a judgment against the Defendants, jointly and severally, sufficient to compensate her for her embarrassment and mental suffering;

    e. reinstatement in her position as Early Childhood Education Coordinator;

    f. a judgment against the Defendants, jointly and severally, equal to the wages she would have earned through the trial of this matter if she had she not been terminated as Early Childhood Education Coordinator;

    g. a judgment against the Defendants, jointly and severally, for liquidated damages equal to the wages she would have earned through the trial of this matter if she had she not been terminated as Early Childhood Education Coordinator;

    h. reasonably attorney fees and costs; and

    i. such other relief as may be just and appropriate.

### Count 3 – Breach of Contract

45. Clarkin reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

46. A contract existed between the Defendants and Clarkin pursuant to which she agreed to work for them and they agreed to pay her $20 for each hour she worked.

47. A contracted existed between the Defendants and Clarkin pursuant to which the Defendants were to employee Clarkin as the WECC's Early Childhood Education Coordinator.

48. The contract between the Defendants and Clarkin obligated the Defendants to act in good faith towards Clarkin.

49. The Defendants did not pay Clarkin for 37 of the hours she worked for them.

50. The Defendants discharged Clarkin because she asserted her right to be paid for the 37 hours.

51. By failing to pay Clarkin, the Defendants breached their contract with her.

52. By discharging Clarkin because she asserted her right to be paid for the 37 hours, the Defendants breached their contract with her.

53. Clarkin suffered damages as a result of the Defendants' breaching of the contract including lost wages, embarrassment, mental suffering and loss of other potential employment opportunities.

54. The Defendants' breaching of the contract was intentional and malicious.

55. The Defendants' breaching of the contract was completely absent of any justiciable issue of either law or fact.

**Wherefore**, on this Count Clarkin requests:

　　a.　a trial by jury;

　　b.　a judgment against the Defendants, jointly and severally, sufficient to compensate her for her unpaid wages;

　　c.　a judgment against the Defendants, jointly and severally, sufficient to compensate her for her embarrassment, mental suffering and loss of potential employment opportunities;

　　d.　a judgment against the Defendants, jointly and severally, for punitive damages;

　　e.　a judgment against the Defendants, jointly and severally, for the wages she would have earned through the trial of this matter if she had she not been terminated;

　　f.　reasonably attorney fees and costs;

　　g.　reasonable attorney fees and litigation costs pursuant to RIGL 9-1-45; and

　　h.　such other relief as may be just and appropriate.

The Plaintiff,
By Her Attorney,

*/s/ John T. Longo*

_____

John T. Longo, Esq./#4928
Citadel Consumer Litigation, PC
996 Smith Street, Suite 101
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com